UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cody Stone,<br><br>    Plaintiff, individually and on behalf of others similarly situated,<br><br>v.<br><br>Colorado Technical University, Inc., and<br>John Does 1-10,<br><br>    Defendants. | CLASS ACTION COMPLAINT UNDER THE TELEPHONE CONSUMER PROTECTION ACT |

## PARTIES

1. Plaintiff, Cody Stone, is a citizen of Illinois residing in this District.

2. Defendant, Colorado Technical University, Inc., ("Colorado Tech"), is a Colorado corporation with a principal place of business in Colorado Springs, CO. John Does Defendant are other parties that may have liability.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as the claims arise under the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. §227.

4. Pursuant to 28 U.S.C. §1391, venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. Colorado Tech regularly uses an automatic telephone dialing system ("ATDS") -- as defined by 47 U.S.C. § 227(a)(1) -- to call telephone numbers assigned to a cellular telephone service for non-emergency purposes.

6. Colorado Tech uses an ATDS for telemarketing purposes.

7. Colorado Tech uses robocalls for profit.

8. The TCPA protects consumers from the nuisance, costs and invasion of privacy caused by robocalls.

9. One of the sponsors on the TCPA, Senator Fritz Hollings from South Carolina stated, "computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall…. These calls are a nuisance and an invasion of our privacy." (Congressional Record – Senate Proceedings and Debates of the 102nd Congress, First Session. July 11, 1991, 137 Cong. Rec. S9840, S9874.)

10. Colorado Tech has admitted that it uses an ATDS. See *Brandy Warren v. Colorado Technical University*, 13-cv-03577, N.D. Ga., Docket, Doc. #11 Answer at Para. 6 and *Jennifer Flores v. Colorado Technical University et al.*, 2:14cv696, (C.D. Cal.), Docket, Doc. 8 Answer at Para. 9.

11. Colorado Tech called Cody Stone on his cellular phone using an ATDS for non-emergency purposes.

## CLASS ALLEGATIONS

12. Colorado Tech has a pattern and practice of regularly calling phone numbers assigned to cellular service using an ATDS or "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers" to collect consumer debts.

13. Numerous consumers have complained about ATDS phone calls from Colorado Tech. See e.g. *Brandy Warren v. Colorado Technical University*, 13-cv-03577, (N.D. Ga.); *Jennifer*

*Flores v. Colorado Technical University et al.*, 2:14cv696, (C.D. Cal.);

http://800notes.com/Phone.aspx/1-312-568-2144/3

14. Plaintiff seeks to represent a class of consumers who were called by Colorado Tech on their cellular phone numbers using an ATDS ("TCPA Class").

15. The numerosity requirement is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Circumstantial evidence based upon Internet consumer complaints and lawsuits indicate the class is larger than 40 people.

16. Commonality requires there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Specifically, class members' claims should "depend upon a common contention" that is "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Walmart Stores Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (U.S. 2011). This requirement is met here. All of the class members' claims hinge on the common factual and legal contention that Defendant made an illegal call to cellular phone numbers using an ATDS in violation of the TCPA. See 47 USCS § 227(b)(1)(A)(iii).

17. The class plaintiff is typical for purposes of Rule 23(a)(3) because his claims arise from the same event or practice or course of conduct that gives rise to the claims of the class members and are based on the same legal theory.

18. Plaintiff asserts that both he and class members received ATDS phone calls from Colorado Tech. The claims of all class members, named plaintiff included, arise from the same practice and course of conduct, and thus the typicality requirement of Rule 23(a)(3) is satisfied.

19. Plaintiff is an adequate class representative. His interests in recovering statutory damages and injunctive relief are sufficiently aligned with the absentee class members and he has retained Counsel with both consumer litigation and class action experience.

20. A Class Action is the superior method of adjudication of a TCPA case. As one Court has noted, "If each proposed class member pressed his claim, a single class action would clearly be superior to thousands of individual actions. . . . If the proposed class members would otherwise abandon their claim [because, for instance, a $500 recovery is not sufficiently large to justify bringing suit, even in small claims court], then a class action is superior because it provides actual adjudication." *Sparkle Hill, Inc. v. Interstate Mat Corp.*, 2012 U.S. Dist. LEXIS 178793, *4 (D. Mass. 2012).

21. A Class Action is also superior because class members may not be aware or their rights and that they have claims for relief under the TCPA on account of ATDS calls by Colorado Tech. See *Sledge v. Sands*, 182 F.R.D. 255, 259 (N.D. Ill. 1998).

22. The precise Class Definition will be named in Plaintiff's final Class Certification Motion.

## COUNT ONE

**Violations of the Telephone Consumer Protection Act on Behalf of Class**

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant on multiple and separate occasions called Plaintiff and class members on telephone numbers assigned to a cellular service for non-emergency purposes using an ATDS.

25. Defendant made phone calls to Plaintiff and Class members in violation of the TCPA.

26. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii).

27. Defendant was put on notice as early as November 8, 2013 that its ATDS calls violated the TCPA. See *Brandy Warren v. Colorado Technical University*, 13-cv-03577, N.D. Ga., Docket, Doc. #5.

28. Defendant continued to make telemarketing calls using an ATDS after November 8, 2013 in willful violation of the TCPA.

## **PRAYER FOR RELIEF**

Plaintiff prays for the following relief:

   a. An Order certifying a class and Plaintiff and his Counsel as Class Representative and Class Counsel.

   b. An Order enjoining Defendant on a nationwide basis from placing further calls to telephone numbers assigned to cellular telephone service using an ATDS.

   c. Judgment against Defendant and for Plaintiff and the class for statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) for each and every call Defendant made in violation of the TCPA.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,
Hyslip & Taylor, LLC LPA


By:  /s/ Mark T. Lavery
     One of Plaintiff's Attorneys

Mark T. Lavery, Esq.
Hyslip & Taylor LLC LPA
917 W. 18th St., Suite 200
Chicago, IL  60608
312-380-6110
Mark@lifetimedebtsolutions.com